# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 29 2021

BY NICOLE O'DWYER, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ALFREDO LOPEZ, as an Individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of San Bernardino, Civil Division, 247 West 3rd Street, San Bernardino 92415

CASE NUMBER:
*(Número del Caso):* CIV SB 2115060

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, 350 South Grand Avenue, Suite 3325, Los Angeles, California 90071; 213-927-3700

DATE: *(Fecha)* JUN 29 2021 Clerk, by *(Secretario)* NICOLE O'DWYER, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Ashley Furniture Industries, Inc., a Wisconsin corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A - PAGE 016

Neama Rahmani (State Bar No. 223819)
*efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
*ron@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 23 2021

BY [signature]
NICOLE O'DWYER, DEPUTY

Attorneys for Plaintiff,
ALFREDO LOPEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

ALFREDO LOPEZ, as an Individual,

Plaintiff;

v.

ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CIV SB 2115060

**COMPLAINT FOR DAMAGES**

(1) DISABILITY DISCRIMINATION;
(2) FAILURE TO ACCOMMODATE;
(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;
(4) RETALIATION IN VIOLATION OF FEHA;
(5) HARASSMENT IN VIOLATION OF FEHA;
(6) FAILURE TO PREVENT AND REMEDY HARASSMENT; AND
(7) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ALFREDO LOPEZ, who hereinafter shall be referred to as the "Plaintiff" or as "LOPEZ" who hereby respectfully alleges and avers as follows:

//

//

## INTRODUCTION

1. This is an action brought by the Plaintiff, LOPEZ, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant, ASHLEY FURNITURE INDUSTRIES, INC. (hereinafter referred to as "ASHLEY"), at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue in this Court is proper in that Defendant ASHLEY has a principal business address located in the City of Redlands, County of San Bernardino, State of California.

## PARTIES

5. At all times herein mentioned, Plaintiff LOPEZ is and has been a resident of San Bernardino County, State of California.

6. Defendant ASHLEY is and at all times herein mentioned has been a Wisconsin corporation with the capacity to sue and to be sued, and doing business, with a principal place of business located at 2250 W. Lugonia Ave. Redlands, CA 92347.

//
//

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

9. On or about December of 2019, Plaintiff LOPEZ, a disabled male, became employed by Defendant ASHLEY as a Transfer.

10. During the course of his employment with ASHLEY, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder. Plaintiff informed the Defendants about his disabilities during his employment tenure. February 2020, Plaintiff informed the head of the Human Resources department about his PTSD. An employee had complained that Plaintiff was sweaty. Plaintiff informed HR that his sweat condition was due to the medication he was taking for his disability.

11. Shortly afterwards, Plaintiff went on medical leave from February 25 to March 11, 2020. Plaintiff informed Defendants of his leave and provided them with a doctor's note.

12. On or around mid-March 2020, while Plaintiff was on leave, Defendants told Plaintiff not to return to work until April 5, 2020.

13. On or about April 2020 Plaintiff called Defendants several times to see when he could come back to work but did not receive a response.

14. On or around April 17, 2020, Plaintiff was terminated

15. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received a Right to Sue Letter from the DFEH, dated June 30, 2020. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has timely exhausted his administrative remedies.

**FIRST CAUSE OF ACTION**

**Disability Discrimination**

**(Plaintiff Against ASHLEY and DOES 1-10)**

16. Plaintiff incorporates all paragraphs above as though fully set forth herein.

17. Defendant ASHLEY is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times herein mentioned in this complaint, Government Code §12940, Government Code §12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

//

//

18. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

19. Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing, dated June 30, 2020, alleging *inter alia* violations of Government Code §12940, including, but not limited to §12940(a), (m), and (n), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

20. On or about December of 2019, Plaintiff LOPEZ, a disabled male, became employed by Defendant ASHLEY as a Transfer.

21. During the course of his employment with ASHLEY, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder. Plaintiff informed the Defendants about his disabilities during his employment tenure.

22. On February 2020, Plaintiff informed the head of the Human Resources department about his PTSD. An employee had complained that Plaintiff was sweaty. Plaintiff informed HR that his sweat condition was due to the medication he was taking for his disability.

23. Shortly afterwards, Plaintiff went on medical leave from February 25 to March 11, 2020. Plaintiff informed Defendants of his leave and provided them with a doctor's note.

24. On or around mid-March 2020, while Plaintiff was on leave, Defendants told Plaintiff not to return to work until April 5, 2020.

//
//

25. Plaintiff called Defendants several times to see when he could come back to work but did not receive a response.

26. On or around April 17, 2020, Plaintiff was terminated.

27. As a direct and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

28. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## SECOND CAUSE OF ACTION

**Failure to Accommodate**

**(Plaintiff Against ASHLEY and DOES 1-10)**

29. Plaintiff incorporates all paragraphs above as though fully set forth herein.

30. Plaintiff, at all relevant times herein, suffered a FEHA protected disability.

31. At all times in this complaint, Defendants regularly employed five or more people bringing Defendants within the provisions of the FEHA, Gov. Code, § 12926(d).

//

32. This cause of action is brought pursuant to the FEHA, Gov. Code, §§ 12940(b) and (e)(1), and other provisions requiring employers to make reasonable accommodation for those with disabilities and medical conditions, such as in Plaintiff's case.

33. On or about December of 2019, Plaintiff LOPEZ, a disabled male, became employed by Defendant ASHLEY as a Transfer.

34. During the course of his employment with ASHLEY, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder. Plaintiff informed the Defendants about his disabilities during his employment tenure.

35. On February 2020, Plaintiff informed the head of the Human Resources department about his PTSD. An employee had complained that Plaintiff was sweaty. Plaintiff informed HR that his sweat condition was due to the medication he was taking for his disability.

36. Shortly afterwards, Plaintiff went on medical leave from February 25 to March 11, 2020. Plaintiff informed Defendants of his leave and provided them with a doctor's note.

37. On or around mid-March 2020, while Plaintiff was on leave, Defendants told Plaintiff not to return to work until April 5, 2020.

38. Plaintiff called Defendants several times to see when he could come back to work but did not receive a response.

39. On or around April 17, 2020, Plaintiff was terminated.

40. At all times mentioned herein, Plaintiff was willing to perform the duties and functions of his position, if such reasonable accommodations had been made by Defendants, and each of them.

41. As a direct and legal result of Defendants' failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

**THIRD CAUSE OF ACTION**

**Failure to Engage in the Interactive Process in Violation of FEHA**

**(Plaintiff Against ASHLEY and DOES 1-10)**

42. Plaintiff incorporates all paragraphs above as though fully set forth herein.

43. Plaintiff, at all relevant times herein, suffered from a FEHA protected disability.

44. As mentioned more fully above, Defendants were aware of Plaintiff's disability, as LOPEZ informed Defendant's hiring HR representative and the head of HR about his condition. Furthermore, Plaintiff provided Defendants a doctor's note that excused him from work due to his disability.

45. However, Defendants refused to accommodate Plaintiff by asking him not to return to work until April 5 due to "work being slow," failing to respond to Plaintiff's messages when he asked when he was to return to work, and failing to accommodate Plaintiff.

46. Instead of accommodating Plaintiff, Defendants terminated him on April 17, 2020. This action by Defendants was in retaliation of his protected activity, and the excuse of work being slow was merely used as a pretext to terminate Plaintiff.

//

//

47. Defendants did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

48. As a direct and legal result of Defendant's failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

49. Said discrimination and/or refusal to accommodate or engage in the interactive process was wrongful and justifies the imposition of punitive damages since the failure to accommodate was against public policy. Defendants intentionally discriminated against Plaintiff on account of his disability and/or his complaints about the same, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## FOURTH CAUSE OF ACTION

**Retaliation in Violation of FEHA**

**(Plaintiff Against ASHLEY and DOES 1-10)**

50. Plaintiff incorporates all paragraphs above as though fully set forth herein.

51. At all times herein mentioned in this complaint, California Government Code Section 12940 et seq. was in full force and effect and binding on the Defendants and the Defendants were subject to its terms. Defendants ultimately terminated Plaintiff, for reasons and in a manner contrary to the Fair Employment and Housing Act ("FEHA"), on a pre-textual basis, because of his

disability.

52. Plaintiff engaged in a protected activity, in that he had a disability and requested time off to recover. In retaliation, Defendants subjected Plaintiff to an adverse employment action by terminating Plaintiff after his leaves of absence and using pretext to fire Plaintiff. Said retaliation was in violation of public policy because the sole and actual reason for the adverse employment action was that Plaintiff engaged in a protected activity under FEHA.

53. Defendant's conduct, described above, is in violation of various statutes and state law decisions including Government Code 12940(h).

54. As a direct and legal result of Defendant's discrimination and retaliatory actions against Plaintiff for his complains and objections herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage.

**FIFTH CAUSE OF ACTION**

**Harassment in Violation of FEHA**

**(Plaintiff Against Defendant ASHLEY and DOES 1-10)**

55. Plaintiff incorporates all paragraphs above as though fully set forth herein.

56. Defendant ASHLEY is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times herein mentioned in this complaint, Government Code §12940 Sections (a), (b), (j)(1), et seq. were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

57. Plaintiff timely filed a complaint of harassment with the Department of Fair Employment and Housing alleging inter alia violations of Government Code §12940, including, but not limited to §12940 (a), (b), (j)(1), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, dated June 30, 2020, conferring jurisdiction on this court over these claims.

58. The conduct of Defendants amounted to harassment towards the Plaintiff, in direct contravention of various statutes and state law decisions, including but not limited to California Government Code §12940(h) and (j).

59. On or about December of 2019, Plaintiff LOPEZ, a disabled male, became employed by Defendant ASHLEY as a Transfer.

60. During the course of his employment with ASHLEY, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder. Plaintiff informed the Defendants about his disabilities during his employment tenure.

61. On February 2020, Plaintiff informed the head of the Human Resources department about his PTSD. An employee had complained that Plaintiff was sweaty. Plaintiff informed HR that his sweat condition was due to the medication he was taking for his disability.

62. Shortly afterwards, Plaintiff went on medical leave from February 25 to March 11, 2020. Plaintiff informed Defendants of his leave and provided them with a doctor's note.

63. On or around mid-March 2020, while Plaintiff was on leave, Defendants told Plaintiff not to return to work until April 5, 2020.

//
//

64. Plaintiff called Defendants several times to see when he could come back to work but did not receive a response. On or around April 17, 2020 Plaintiff was terminated.

65. Such harassment was so severe and pervasive that it altered the terms of Plaintiff's employment, creating a hostile work environment and making his work conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

66. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, emotional distress, medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

67. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

**SIXTH CAUSE OF ACTION**

**Failure to Prevent and Remedy Harassment**

**(Plaintiff Against ASHLEY and DOES 1-10)**

68. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

69. Plaintiff was subjected to harassment based on his disability by the Defendants, as alleged in more detail above. Such conduct is prohibited by FEHA, Cal. Gov. Code §12940, including but not limited to subdivisions (j) and (k).

70. Under FEHA, an employer is strictly liable for the harassing conduct of its agents and supervisors. (*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590). FEHA also requires employers to take all reasonable steps necessary to prevent unlawful harassment from occurring. (Gov. Code § 12940 (j) and (k)).

71. On or about December of 2019, Plaintiff LOPEZ, a disabled male, became employed by Defendant ASHLEY as a Transfer.

72. During the course of his employment with ASHLEY, Plaintiff was diagnosed with post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder. Plaintiff informed the Defendants about his disabilities during his employment tenure.

73. On February 2020, Plaintiff informed the head of the Human Resources department about his PTSD. An employee had complained that Plaintiff was sweaty. Plaintiff informed HR that his sweat condition was due to the medication he was taking for his disability.

74. Shortly afterwards, Plaintiff went on medical leave from February 25 to March 11, 2020. Plaintiff informed Defendants of his leave and provided them with a doctor's note.

75. On or around mid-March 2020, while Plaintiff was on leave, Defendants told Plaintiff not to return to work until April 5, 2020.

76. Plaintiff called Defendants several times to see when he could come back to work but did not receive a response. On or around April 17, 2020, Plaintiff was terminated.

77. Plaintiff is informed and believes that he was terminated based on his disability.

//

//

78. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

79. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, et seq.**

**(Plaintiff Against Defendant ASHLEY and DOES 1-10)**

80. Plaintiff incorporates all paragraphs above as though fully set forth herein.

81. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other employees, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

82. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

//

//

83. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

84. Defendants' disability discrimination against Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

85. Defendants' failure to accommodate Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

86. Defendants' failure to engage in the interactive process with Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

87. Defendants' retaliation against Plaintiff in violation of FEHA, as alleged in detail above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

88. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution, including but not limited to, of wages withheld and retained by Defendants during a period from four years prior to the filing of this complaint and for employer payroll taxes; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other

applicable laws; and an award of costs.

**PRAYER**

1. For damages according to proof, including unpaid wages, loss of earnings, deferred compensation, and other employment benefits;

2. For general damages, according to proof;

3. For other special damages according to proof, including but not limited to reasonable medical expenses;

4. For prejudgment interest on lost wages and benefits;

5. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights through the Fair Employment & Housing Act and Labor Code § 1021.5, as set forth above; and

6. For such other and further relief as the court deems just and proper.

Dated: June 22, 2021

WEST COAST EMPLOYMENT LAWYERS, APLC

By: ______________________________

Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
ALFREDO LOPEZ

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury.

Dated: June 22, 2021

WEST COAST EMPLOYMENT LAWYERS, APLC

By: ______________________
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
ALFREDO LOPEZ